Richard Spitaleri, Jr., Esq.
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY  10022
(212) 705-7537 (Telephone)
Attorneys for Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation
and Dental Network of America

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HACKENSACK DENTAL ASSOCIATES,<br><br>                    Plaintiff,<br><br>v.<br><br><br>BLUECROSS BLUESHIELD OF ILLINOIS,<br>HEALTH CARE SERVICES CORPORATION<br>and DENTAL NETWORK OF AMERICA,<br><br>                    Defendants. | Civil Action No. _____<br><br><br><br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF NEW JERSEY

       **PLEASE TAKE NOTICE** that Defendants BlueCross BlueShield of Illinois, Health

Care Services Corporation and Dental Network of America (collectively the "Defendants"), by

and through their undersigned counsel, hereby remove this civil action pending in the Law

Division of the Superior Court of New Jersey, Bergen County, Docket No. BER-L-1035-11 (the

"State Court Action") to the United States District Court for the District of New Jersey pursuant

to 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are as follows:

       1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named

parties, are as follows:

A/74037276.1

a.  Upon information and belief, Plaintiff Hackensack Dental Associates refers to the dental practice operated by Dr. Douglas Gelber, with a principal place of business at 214 State Street, Hackensack, New Jersey 07601.  *See* Compl. ¶ 1.  Upon information and belief Dr. Gelber is a New Jersey citizen.

b.  Defendant Health Care Services Corporation ("HCSC") is an Illinois corporation with a principal place of business at 300 E. Randolph Street, Chicago, Illinois 60601.  *See* Compl. ¶ 2.

c.  Defendant BlueCross BlueShield of Illinois ("BCBSIL") is an Illinois corporation with a principal place of business at 300 E. Randolph Street, Chicago, Illinois 60601.  *See* Compl. ¶ 3.

d.  Defendant Dental Network of America ("DNoA") has a principal place of business at Two TransAm Plaza Drive, Oakbrook Terrace, IL 60181.  *See* Compl. ¶ 4.  DNoA asks this court to take judicial notice that it recently moved its principal place of business to 701 East 22nd Street, Suite 300, Lombard, Illinois 60148.  *See* www.dnoa.com.  DNoA is a wholly-owned subsidiary of HCSC which, as set forth above, is an Illinois corporation with its principal place of business in Illinois.  *See* Compl. ¶ 4.

2.  Plaintiff instituted the State Court Action by filing a summons and complaint. Defendants received a copy of the summons and complaint via hand-delivery on February 24, 2011.  A copy of the summons and complaint is attached hereto as Exhibit A.  At the same time, Defendants also received written discovery requests from the Plaintiff including interrogatories, production requests and requests for admissions.

2

3.      On March 24, 2011, the undersigned filed a Notice of Appearance in the Superior Court of New Jersey.  A copy of the Notice of Appearance is attached hereto as Exhibit B.

4.      No other proceedings have been held in the Superior Court of New Jersey.  The documents attached hereto as Exhibits A and B, along with a track assignment notice issued by the Superior Court which is attached hereto as Exhibit C, constitute all process, pleadings and orders received or filed by the Defendants in this case.

5.      A review of Plaintiff's allegations and claims for damages in the complaint establishes that the amount in controversy exceeds $75,000.00.  The gravamen of Plaintiff's complaint is that the Defendants have fraudulently failed to pay Plaintiff for the "vast majority" of dental services provided by Plaintiff since 2009.  *See, e.g.*, Compl. ¶s 41, 47, 60.  Among other things, Plaintiff claims that Defendants' conduct constitutes common law fraud and a violation of New Jersey's RICO statute.  *See* Compl. at pp. 11, 15-17.  Plaintiffs seek compensatory damages, punitive damages, treble damages, and costs of litigation including attorneys' fees.  *See* Compl. at pp. 11, 17.  The value of Plaintiff's claims, including its claims for treble damages, punitive damages and attorneys' fees, exceeds $75,000.  *See* Declaration of Timothy J. Custer, D.D.S., M.B.A. dated March 25, 2011, attached hereto as Exhibit D.

6.      As the foregoing reflects, this action could have originally been filed in this Court pursuant to 28 U.S.C. §§ 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      Because this Notice of Removal is filed within thirty days of service of the summons and complaint upon the Defendants, it is timely under 28 U.S.C. §§ 1446(b).

8.      Based on the foregoing, removal is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

A/74037276.1

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of

Removal will be given to the Plaintiff.  A copy of the Notice of Removal will also be filed with

the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.  *See* Exhibit E.

10.     The undersigned is counsel for the Defendants and is duly authorized to effect

removal on their behalf.

WHEREFORE, Defendants BlueCross BlueShield of Illinois, Health Care Services

Corporation and Dental Network of America respectfully request that this action be removed

from the Superior Court of New Jersey, Law Division, Bergen County, and that this Court take

jurisdiction over all further proceedings.

Dated:  New York, NY
        March 25, 2011

BINGHAM McCUTCHEN LLP

By: _____
    Richard Spitaleri, Jr., Esq.
    richard.spitaleri@bingham.com
    399 Park Avenue
    New York, NY  10022-4689
    Tel:  (212) 705-7000
    Fax:  (212) 752-5378

    *Attorneys for Defendants BlueCross*
    *BlueShield of Illinois, Health Care Services*
    *Corporation and Dental Network of America*

A/74037276.1

# EXHIBIT A

**KALISON McBRIDE, JACKSON & ROBERTSON, P.C.**
25 Independence Boulevard
P.O. Box 4990
Warren, New Jersey 07059
(908) 647-4600
Attorneys for Plaintiff, Hackensack Dental Associates

| | |
|---|---|
| HACKENSACK DENTAL ASSOCIATES<br><br>Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF ILLINOIS, HEALTH CARE SERVICES CORPORATION and DENTAL NETWORK OF AMERICA<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-BERGEN COUNTY<br><br>DOCKET NO. BER-L-1035-11<br><br>CIVIL ACTION<br><br>**SUMMONS** |

From the State of New Jersey

To the Defendant(s) Named Above:  **Dental Network of America**
**Two TransAm Plaza Drive**
**Oakbrook Terrace, IL 60181**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to the summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

NO. 484    P. 5

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling on of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: February 17, 2011

Jennifer M. Perez, Superior Court Clerk

Name of Defendant to Be Served:   Dental Network of America

Address of Defendant to Be Served: Two TransAm Plaza Drive
Oakbrook Terrace, IL 60181

c/o Registered Agent Solutions, Inc.
1 W. Old State Capital Plaza
Springfield, Illinois 62701

# Directory of Superior Court Deputy Clerk Offices

## Legal Services of New Jersey statewide toll free hotline 1-888-LSNJ-LAW (576-5529)

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Court Facility,
49 Rancocas Road
Mount Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
First Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 North Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Courthouse, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 263-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monmouth Park, P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office, P.O. Box 3000
New Court House, Third Floor
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A, CN 10792
Rev. 7/23/10   P8/10

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

KALISON McBRIDE, JACKSON & ROBERTSON, P.C.
25 Independence Blvd.
P.O. Box 4990
Warren, New Jersey 07059
(908) 647-4600
Attorneys for Plaintiff

| | |
|---|---|
| HACKENSACK DENTAL ASSOCIATES<br><br>Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF ILLINOIS, HEALTH CARE SERVICES CORPORATION and DENTAL NETWORK OF AMERICA<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-BERGEN COUNTY DOCKET NO. L-1035-11<br><br>Civil Action<br><br>COMPLAINT<br>SUPERIOR COURT BERGEN COUNTY<br>FILED<br><br>JAN 31 2011<br><br>DEPUTY CLERK |

Plaintiff, Hackensack Dental Associates ("HDA"), by way of Complaint against Defendants, BlueCross BlueShield of Illinois ("BCBSIL"), Health Care Services Corporation, a Mutual Legal Reserve Company, ("HCSC") and Dental Network of America, ("DNOA"), collectively ("Defendants"); say:

## THE PARTIES

1.    Plaintiff, HDA, is a professional dental practice with a principal place of business at 214 State Street, Hackensack, New Jersey 07601.  HDA is engaged in the business of providing dental care to patients.

2.    Upon information and belief, Defendant, HCSC, is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 300 E. Randolph Street, Chicago, Illinois, 60601.

3.    Upon information and belief, Defendant, BCBSIL, is a part owner of HCSC with

a principal place of business at 300 E. Randolph Street, Chicago, Illinois, 60601.

4.      Upon information and belief, Defendant DNOA is a wholly owned subsidiary of HCSC, with a principal place of business at Two TransAm Plaza Drive, Oakbrook Terrace, Illinois 60181.

5.      Upon information and belief, Timothy J. Custer, DDS ("Custer") is the Dental Director, Professional Services, for DNOA, and conducts business from the DNOA offices located at Two TransAm Plaza Drive, Oakbrook Terrace, Illinois 60181.

6.      Upon information and belief, Defendants are engaged in the business of providing utilization review, administrative, investigative and other related services for employee health plans ("Health Plans"), including such Health Plans that provide benefits to New Jersey residents and which are provided by health care providers located and practicing in the State of New Jersey.

7.      Upon information and belief, HCSC is licensed by the State of New Jersey Department of Banking and Insurance as an insurance carrier.

## FACTUAL BACKGROUND

### The Submission of Claims Under the Kraft Dental Plan

8.      For many years HDA has provided dental care to patients, many of whom are entitled to benefits under Health Plans.

9.      Upon information and belief, employees of Kraft Foods, Inc. ("Kraft") are eligible for dental benefits pursuant to a Health Plan offered by Kraft and administered by BCBSIL and/or DNOA (the "Kraft Dental Plan").

10.      Upon information and belief, if dental care is deemed "Dentally Necessary," the Kraft Dental Plan generally provides dental care benefits without any annual and or lifetime limit on the dental benefits provided. Additionally, if dental care is deemed "Dentally Necessary," the

2

Kraft Dental Plan generally does not limit the maximum amount of payment with respect to: (a) basic services such as x-rays , exams, fillings, extractions, scaling and root canals, endodontics, general oral surgery; or (b) major services such as inlays/onlays/crown restoration, crown/bridgework, dentures, repair/re-cement of crowns, bridges, dentures.

11.     According to the Kraft Dental Plan, upon information and belief, dental care is deemed "Dentally Necessary" if it constitutes dental treatment that follows generally accepted dental practice, is required for sound dental health and is prescribed by a qualified dental professional.

12.     Many Kraft employees obtain dental care from HDA and the services provided by HDA are paid under the Kraft Dental Plan.

13.     HDA has been providing dental care to Kraft employees for eighteen (18) years.

14.     HDA does not have any written agreement with Defendants to accept any particular fee schedule as an approved provider under the Kraft Dental Plan.  Rather, when HDA provides dental care to a patient covered by the Kraft Dental Plan they are considered out-of-network providers.

15.     The agreements between HDA and Defendants are governed by a course of conduct which has been followed by the parties for many years.

16.     When a patient entitled to benefits under the Kraft Dental Plan seeks dental treatment from HDA, HDA will follow a pre-authorization process in some instances, as discussed more fully below.   In deciding whether to seek pre-authorization, HDA balances a variety of factors, including, but not limited to, the complexity of the procedure performed, the cost of the procedure, the patient's out-of-pocket financial responsibility and the obviousness of the need for the procedure.  Additionally, HDA relies on a course of conduct established over many years between it and Defendants in determining whether to seek pre-authorization.

3

17.     Based on its balancing of those factors and its past experience HDA will decide to either, perform the procedures and subsequently seek reimbursement from Defendants through the submission of a claim form with appropriate documentation of the procedures performed (the "Non-Pre-Authorized Claims"), or, in the alternative, HDA will seek authorization from Defendants prior to performing the services through a process by which HDA submits documentation to Defendants regarding services sought by its patients. In turn, Defendants review the information provided and advise HDA whether they will provide payment for the requested services.   If Defendants indicate that payment will be provided (with certain qualifications discussed below) the claim is a "Pre-Authorized Claim".

18.     When HDA determines a claim should be submitted as a Non-Pre-Authorized Claim it will perform the dental procedures that the patient requires and thereafter submit a claim form along with detailed clinical information, such as x-rays, narratives and an explanation of why the procedure was required.  Historically, Defendants would make payment to HDA on these Non-Pre-Authorized Claims within twenty-one (21) to thirty (30) days of HDA's submission of the claim form.

19.     The general process by which HDA submits Pre-Authorized Claims to Defendants is as follows:  First, HDA submits a form titled "Dental Claim Form," which is a form submitted prior to the provision of these services. This submission is in essence a "Request for Pre-Authorization" submitted to Defendants DNOA or BCBSIL, whichever applies, for their review and ultimate determination of whether the services listed would be authorized and thus, payable (subject to "Pre-Authorization Carve Outs" discussed below).

20.     HDA includes in its submission of Requests for Pre-Authorization detailed clinical information, such as x-rays and related clinical information from the patient's chart, which informs DNOA or BCBSIL, whichever applies, of the clinical basis for the requested

4

dental services.

21.    DNOA or BCBSIL then reviews the Request for Pre-Authorization and, if DNOA or BCBSIL determine that the requested dental services are Dentally Necessary, they issue to HDA a form titled Pre-Estimation, which is, (subject to patient insurance eligibility discussed more fully below), in essence, a "Pre-Authorization" for the services set forth therein. This Pre-Authorization sets forth the services that are pre-authorized and includes the specific financial breakdown related to the specific services included therein.  The financial breakdown shows relevant amounts categorized as: (a) total charges; (b) ineligible charges; (c) deductible and/or copayment; (d) coinsurance and/or over maximum allowance; (e) eligible expenses; and (f) patient portion.

22.    The Pre-Authorization includes language indicating that it should not be construed as a guaranty of payment because it is "subject to continuing eligibility, terms, conditions and limitations of the contract holder's Dental Coverage in force at the time services are actually rendered."  Accordingly, the Pre-Authorization cannot be construed as a promise of payment if a patient that was the subject of the Pre-Authorization loses eligibility for coverage (e.g., is no longer employed by Kraft), or if the Kraft Dental Plan changes in a manner that implicates the previously issued Pre-Authorization.

23.    Circumstances such as loss of eligibility under the Kraft Dental Plan, or changes in the Kraft Dental Plan, are hereinafter referred to as "Pre-Authorization Carve Outs."

24.    Upon information and belief, the Request for Pre-Authorization submitted by HDA is reviewed by DNOA or its agent, American Dental Examiners ("ADE"), who makes a determination as to whether the services are Dentally Necessary and whether they will provide payment for those services.

25.    If DNOA or its agent is unable to make a determination based on the information

5

provided they will generally request additional documentation which will then be provided by HDA.

26.     The Pre-Authorization constitutes a determination by Defendants that the services requested are Dentally Necessary and therefore payable by the Kraft Dental Plan, subject to the Pre-Authorization Carve Outs.

27.     Notwithstanding the terminology used by BCBSIL on the "Pre-Authorization," i.e., labeling that document a "Pre-Estimation," the parties have established a course of conduct over a period of many years, which established that the essential purposes of that form were to pre-authorize the services included therein, thereby providing reliable guidance to HDA and its patients of the following: (a) the requested services would be covered by the Kraft Dental Plan (subject to the Pre-Authorization Carve Outs); and (b) the amount payable to HDA from the Kraft Dental Plan and the amounts not payable to HDA from the Kraft Dental Plan.

28.     Pursuant to this course of conduct, BCBSIL would provide payment to Plaintiff twenty-one (21) to thirty (30) days after HDA submits a claim for payment based upon the Pre-Authorization previously received with respect to such claim.

29.     HDA relies on the Pre-Authorization in deciding whether it will agree to provide dental care to patients entitled to benefits under the Kraft Dental Plan.

**Defendants' Audit of HDA's Claims**

30.     Upon information and belief, each year Kraft conducts an internal audit of claims submitted under the Kraft Dental Plan.

31.     Upon information and belief, following its 2009 internal audit Kraft engaged DNOA to perform utilization review services related to the Kraft Dental Plan.

32.     Upon information and belief, Kraft engaged DNOA to review a limited number of specific claims submitted by HDA because of the high dollar amounts associated with those

6

claims.

33.    Upon information and belief, Custer personally reviewed the medical records and claims previously submitted by HDA under the Kraft Dental Plan as requested by Kraft.

34.    Upon information and belief, following the completion of the review requested by Kraft, Custer personally contacted the BCBSIL investigation unit to initiate an expansive investigation into HDA's account.

35.    Upon information and belief, this expansive investigation included a review of claims previously submitted as well as the vast majority of, if not all, new claims submitted by HDA.

36.    At the request of Defendants, a meeting was conducted between representatives of HDA, BCBSIL and DNOA on July 15, 2010 at which Defendants explained certain concerns which had been raised by the audit.

37.    Thereafter, HDA responded to Defendants' audit concerns with a report issued by a highly qualified dental expert having 14 years experience as a Dental Director at another Blue Cross Blue Shield Plan.  Based upon the review and analysis of HDA's expert and in accordance with his conclusions, HDA requested payment for all previously completed services.

38.    Defendants did not provide payment for the services as requested nor did they respond to the information contained in the report of HDA's dental expert.

39.    Instead, Defendants sent additional audit letters.

### Defendants' Payment Policies Following the Initiation of the Audit

40.    For many years prior to the initiation of the extensive investigation by Custer, HDA would receive payment for the vast majority of, if not all, dental services provided to a patients eligible for benefits under the Kraft Dental Plan within twenty-one (21) to thirty (30) days of the submission of the claim.  These claims would be paid whether they were submitted as

7

Case 2:11-cv-01712-FSH-MAH   Document 1   Filed 03/25/11   Page 16 of 43 PageID: 16

Non-Pre-Authorized Claims or Pre-Authorized Claims.

41.    However, beginning in September, 2009, Defendants stopped making payments on the vast majority of claims submitted by HDA, including both Non-Pre-Authorized Claims and Pre-Authorized Claims, and instead engaged in a series of tactics designed to delay and prevent payment from ever being made to HDA for the services it provided.

42.    Rather than making payments on the Non-Pre-Authorized Claims and the Pre-Authorized Claims submitted by HDA, Defendants would make unreasonable requests for additional information to determine whether the treatment provided was Dentally Necessary. Since September, 2009, Defendants have made such requests on the vast majority, if not all, patients treated by HDA in all phases of dental treatment including patients receiving the most basic of services including routine fillings and cleanings.

43.    Defendants make these requests by sending correspondence stating that a review of the claim is being performed and requesting additional information or documentation.  In many instances the documentation Defendants request has already been submitted by HDA with its initial claim submission.

44.    Defendants' request for additional information states that the documentation should be provided within ten (10) days of the date of the correspondence.  However, due to the time frame for the mailing of the correspondence it is often not received until the ten (10) day period for a response has almost expired.

45.    HDA provides the documentation requested as quickly as possible.  In the vast majority of instances, the requested information is provided within ten (10) days of HDA's receipt of the correspondence from Defendants requesting same.

46.    After submitting the requested documentation, HDA will either receive correspondence from Defendants stating that the claim has been denied because HDA has failed

8

to respond to Defendants request for documentation or it will receive no response at all. In either event payment is not made by Defendants to HDA.

47.     These requests, and Defendants' subsequent response or lack thereof, have resulted in HDA being unable to obtain payment for the vast majority of, if not all, services already provided to patients covered by the Kraft Dental Plan, despite having submitted the Non-Pre-Authorized Claims in full compliance with Defendants' procedures and in many instances having obtained Pre-Authorizations from Defendants prior to providing services to the patients (the "Unpaid Claims").

48.     Defendants' repeated and unreasonable requests for information, in many instances requiring submissions of information that has been previously submitted, have caused HDA to suffer significant administrative burdens and to incur substantial administrative expenses

49.     Defendants have not provided any reasonable justification for not paying the claims. Rather, Defendants erroneously assert that HDA did not respond to their requests for additional documentation.

50.     Except for two responses, Defendants have ceased responding to the Request for Pre-Authorizations submitted by HDA. With the exception of those two responses, Defendants no longer approve or deny the services referenced in the Request for Pre-Authorizations and simply do not issue Pre-Authorizations related to any Request for Pre-Authorizations submitted by HDA (the "Unanswered Requests for Pre-Authorization").

51.     Defendants have not provided any justification for failing to respond to the Request for Pre-Authorizations submitted by HDA.

52.     Upon information and belief, Defendants actions in failing to make payments on the Unpaid Claims and failing to respond to HDA's Requests for Pre-Authorization are

9

maliciously intended to steer patients entitled to benefits under the Kraft Dental Plan away from HDA and toward other dental providers.

### The Results of Defendants' Post Audit Actions

53.     Because HDA has been unable to obtain payment on the Unpaid Claims, its patients entitled to benefits under the Kraft Dental Plan are being wrongfully exposed to financial liability for services they obtain from HDA.

54.     Defendants' refusal to make payment to HDA on the Unpaid Claims has caused HDA substantial economic damage.

55.     HDA's patients entitled to benefits under the Kraft Dental Plan now have chosen to seek dental care from other providers in order to avoid exposure to excessive financial liability that could occur as a result of Defendants' wrongful refusal to reasonably respond to Requests for Pre-Authorization and as a result of Defendants' wrongful refusal to remit payment to HDA on the Unpaid Claims.

56.     Because of HDA's inability to obtain Pre-Authorizations for service with respect to its patients entitled to benefits under the Kraft Dental Plan, HDA has been unable to schedule treatment for patients who have been the subject of Unanswered Requests for Pre-Authorization.

57.     Patients who have been the subject of Unanswered Requests for Pre-Authorization have therefore been forced to receive their dental care from other dentists, despite having an ongoing dentist-patient relationship with HDA.

58.     Some patients entitled to benefits under the Kraft Dental Plan who have not left HDA's practice have written letters complaining that the delay in receiving treatment has resulted in additional treatment being necessary.

59.     Upon information and belief, some patients entitled to benefits under the Kraft Dental Plan have inquired into why their dental claims with respect to services rendered by HDA

10

are not being paid. In response to these inquiries, the patients have been told that no claims were filed on their behalf by HDA, even though HDA had filed claims on their behalf.

60.     The actions of Defendants have caused a significant drop in HDA's patient population and resulted in substantial economic losses to HDA.

## FIRST COUNT

### (Common Law Fraud)

61.     HDA repeats and realleges the allegations contained in the preceding paragraphs of the Complaint as if set forth at length herein.

62.     Defendants' issuance of the Pre-Authorizations constituted representations to HDA that Defendants would reimburse it for services provided to the patients to whom the Pre-Authorization applied, subject to the Pre-Authorization Carve Outs.

63.     Defendants knowingly concealed the material fact that they had no intention of making payment to HDA for services provided that were within the scope of Pre-Authorizations issued by Defendants.

64.     Defendants' knowing misrepresentations of fact and concealment of material facts were material to the HDA's decision to provide dental care to patients entitled to benefits under the Kraft Dental Plan.

65.     Defendants intended for HDA to rely on their misrepresentations which they reasonably did to their detriment.

66.     As a result of Defendants' fraudulent misrepresentations, HDA has incurred substantial economic damage.

WHEREFORE, Plaintiff, HDA, demands judgment against Defendants for compensatory damages, punitive damages, costs, plus interest and any other appropriate legal or equitable

11

relief.

## SECOND COUNT

### (Tortuous Interference with Contractual Relations)

67.   HDA repeats and realleges the allegations in the preceding paragraphs of the Complaint as if set forth at length herein.

68.   HDA has a contractual relationship with its patients who receive professional dental services from HDA.

69.   Defendants are not a party to the contractual relationship between HDA and its patients.

70.   The contractual relationship between HDA and its patients is separate and distinct from the contractual relationship between Defendants and the patients under the Kraft Dental Plan.

71.   Defendants intentional refusal to make payment to HDA for Non-Pre-Authorized Claims and Pre-Authorized Claims has interfered with the contractual relationship between HDA and its patients.

72.   Defendants intentional refusal to respond to HDA's Requests for Pre-Authorization approving dental care for numerous patients, has interfered with the contractual relationship between HDA and its patients.

73.   Defendants' intentional interference with the contractual relationship between HDA and its patients has resulted in many of HDA's patients seeking dental care from different providers.

74.   Defendants actions in failing to make payments on the Unpaid Claims and failing to respond to HDA's Requests for Pre-Authorization were maliciously intended to steer patients

entitled to benefits under the Kraft Dental Plan away from HDA and toward other dental providers.

75.     Defendants knew their actions would interfere with the contractual relationship between HDA and its patients and result in a decrease in HDA's patient population.

76.     Defendants intended for their actions to result in a decrease in HDA's patient population.

77.     There is no justification for Defendants' interference with the contractual relationship between HDA and its patients.

78.     As a result of Defendants' intentional and unjustifiable interference with the contractual relationships between HDA and its patients, HDA has incurred substantial economic damages.

WHEREFORE, Plaintiff, HDA, demands judgment against Defendants for compensatory damages, punitive damages, costs, plus interest and any other appropriate legal or equitable relief.

## THIRD COUNT

### (Tortuous Interference with Prospective Economic Advantage)

79.     HDA repeats and realleges the allegations in the preceding paragraphs of the Complaint as if set forth at length herein.

80.     HDA had a reasonable expectation to contract with its current and future patients to provide dental care.

81.     HDA had a reasonable expectation that it would receive substantial economic benefit from the contracts with its patients.

82.     Defendants are not a party to the contractual relationship between HDA and its patients.

13

83.    Defendants' unreasonable refusal to pay Non-Pre-Authorized Claims and Pre-Approved Claims as well as Defendants' refusal to execute any new Pre-Authorizations has caused many of HDA's patients to seek dental care from other sources, thereby denying HDA of an economic benefit.

84.    But for Defendants' tortuous interference, by refusing to pay Non-Pre-Authorized Claims and Pre-Approved Claims as well as refusing to respond to HDA's Requests for Pre-Authorization, HDA would have received substantial economic benefit by providing dental care to those patients.

85.    Defendants' actions were done intentionally, with malice and were designed to deprive HDA from obtaining those economic benefits by steering HDA's patients toward other dental providers.

86.    Defendants' actions constitute tortuous interference with HDA's prospective economic advantage resulting in substantial economic damage to Plaintiff.

WHEREFORE, Plaintiff, HDA, demands judgment against Defendants for compensatory damages, punitive damages and costs, plus interest and any other appropriate legal or equitable relief.

## FOURTH COUNT

### (Breach of Contract)

87.    HDA repeats and realleges the allegations in the preceding paragraphs of the Complaint as if set forth at length herein.

88.    The Pre-Authorizations issued by Defendants constitute a contract between Defendants and HDA requiring payment by Defendants for services included in the Pre-Authorizations, subject to the Pre-Authorization Carve Outs.

89.    . The contractual relationship between HDA and Defendants is separate and

14

distinct from the contractual relationship between Defendants and the patients under the Kraft Dental Plan.

90.    By failing to make timely payment to HDA for services included in the Pre-Authorizations, subject to the Pre-Authorization Carve Outs, Defendants have materially breached the contract.

91.    As a result of Defendants' breach of contract, HDA has suffered substantial economic damage.

WHEREFORE, Plaintiff, HDA, demands judgment against Defendants for compensatory damages and costs, plus interest and any other appropriate legal or equitable relief.

## FIFTH COUNT

### (Breach of Covenant of Good Faith and Fair Dealing)

92.    HDA repeats and realleges the allegations in the preceding paragraphs of the Complaint as if set forth at length herein.

93.    There is implied in every contract a covenant of good faith and fair dealing.

94.    Defendants' actions have breached this covenant of good faith and fair dealing required and arising under the contractual relationship established between Defendants and HDA, noted and set forth above in the preceding Count.

WHEREFORE, Plaintiff, HDA, demands judgment against Defendants for compensatory damages and costs, plus interest and any other appropriate legal or equitable relief.

## SIXTH COUNT

### (NJ Civil RICO)

95.    HDA repeats and realleges the allegations in the preceding paragraphs of the Complaint as if set forth at length herein.

96.    Each of the Defendants qualifies individually as an "enterprise" as defined by

N.J.S.A. 2C:41-1.

97.     Each of the individual Defendants have associated in fact and formed an enterprise within the meaning of N.J.S.A. 2C:41-1 for the purpose of carrying out a scheme to defraud HDA of monies they are rightfully owed by issuing Pre-Authorizations with the intent to never pay the claims.

98.     Each of the Defendants have engaged in "racketeering activity" as defined in N.J.S.A. 2C:41-1(a) by engaging in fraudulent practices as described in the preceding paragraphs 61 through 66 of the First Count set forth in this Complaint.

99.     Each of the individual Defendants and enterprises named herein have engaged in at least two incidents of racketeering conduct during the past year which had the common purpose and effect of defrauding HDA.

100.    By virtue of this fact, the Defendants have engaged in a "pattern of racketeering activity" as defined in N.J.S.A. 2C:41-1(d).

101.    Defendants obtain an economic benefit from providing administrative, utilization review, and investigative services to Kraft with respect to the administration of the Kraft Dental Plan.

102.    Defendants obtain an economic benefit from providing, specifically with respect to HDA, certain administrative, utilization review, and investigative services to Kraft with respect to the administration of the Kraft Dental Plan.

103.    Upon information and belief, the Defendants have used income derived from the pattern of racketeering activity in which they were participants in connection with the operation of one or more of the enterprises described herein, including DNOA, HCSC and BCBSIL.

104.    Defendants' wrongful acts of engaging in prohibited activities in violation of N.J.S.A. 2C:41-2 has caused HDA to suffer substantial economic damage.

WHEREFORE, Plaintiff, HDA, demand judgment against Defendants for compensatory damages, treble damages, costs of suit including attorneys' fees cost of investigation and litigation, plus interest and any other appropriate legal or equitable relief.

## JURY DEMAND

Plaintiff, Hackensack Dental Associates, demands trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:25-4

Robert B. Hille, Esq. is hereby designated as trial counsel in this matter pursuant to R. 4:25-4.

KALISON, McBRIDE, JACKSON & ROBERTSON, P.C.
Attorneys for Plaintiff, Hackensack Dental Associates

BY: _____
Barry Liss

Dated: 1/28/2011

17

## CERTIFICATION

Pursuant to R. 4:5-1, the undersigned hereby certifies that at the time of filing of this pleading, the matter in controversy is not the subject of any other action pending in any court and/or arbitration proceeding, nor is any other action or arbitration proceeding contemplated; nor is there any other party who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KALISON, McBRIDE, JACKSON & ROBERTSON, P.C.
Attorneys for Plaintiff, Hackensack Dental Associates

BY: _____
        Barry Liss

Dated:  1/28/2011

18

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Barry D. Liss, Esq. | (908) 647-4600 | Bergen |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Kalison, McBride, Jackson & Robertson, P.C. | L-1035-11 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 25 Independence Blvd. Warren, NJ 07059 | Complaint |
| | JURY DEMAND  ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Hackensack Dental Associates, Plaintiffs | Hackensack Dental Associates, Plaintiffs v. Blue Cross/Blue Shield of Illinois, Healthcare Services Corporation and Dental Network of America, Defendants |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|
| 599, 699 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES  ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE  ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR  ■ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES  ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | |
|---|---|



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 603 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 ZELNORM
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD

**Mass Tort (Track IV)**
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**    ☐ **Putative Class Action**    ☐ **Title 59**

# EXHIBIT B

# BINGHAM

Richard Spitaleri, Jr.
Direct Phone:  212.705.7537
Direct Fax:    212.593.8926
richard.spitaleri@bingham.com

March 24, 2010

**Via Federal Express**

Deputy Clerk, Superior Court of New Jersey
Justice Center
10 Main Street
Hackensack, NJ 07601-0769

Re:  ***Hackensack Dental Associates v. BlueCross BlueShield of Illinois, et al.***
     **Docket No. BER-L-1035-11**

Dear Sir or Madam:

Enclosed please find: (a) a check for $135.00, (b) an original and two (2) copies of a Notice of Appearance, and (c) a Certificate of Service for filing in the above-referenced action.  Please return one copy of the Notice of Appearance stamped "filed" in the enclosed self-addressed stamped envelope.   Thank you for your courtesies and attention to this matter.  If you have any questions, please do not hesitate to contact the undersigned.

Respectfully submitted,

Richard Spitaleri, Jr.

Enclosures

cc:    Hon. Mark M. Russello (via federal express)
       Robert B. Hille, Esq. (via federal express)

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74041447.1

Richard Spitaleri, Jr., Esq.
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY  10022
(212) 705-7537 (Telephone)
Attorneys for Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation
and Dental Network of America

| | |
|---|---|
| HACKENSACK DENTAL ASSOCIATES,<br><br>       Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF ILLINOIS,<br>HEALTH CARE SERVICES CORPORATION<br>AND DENTAL NETWORK OF AMERICA,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW<br>DIVISION:  BERGEN COUNTY<br>DOCKET NO.  BER-L-1035-11<br><br>Civil Action<br><br><br>**NOTICE OF APPEARANCE** |

TO:      Deputy Clerk, Superior Court of New Jersey
             Justice Center
             10 Main Street
             Hackensack, NJ  07601-0769

      **PLEASE TAKE NOTICE** that Richard Spitaleri, Jr. of Bingham McCutchen LLP

hereby enters an appearance on behalf of Defendants BlueCross BlueShield of Illinois, Health

Care Services Corporation and Dental Network of America.

Dated: March 24, 2011

                                  BINGHAM McCUTCHEN LLP
                                  Attorneys for Defendants BlueCross BlueShield
                                  of Illinois, Health Care Services Corporation and
                                  Dental Network of America

                                  By: _____
                                  Richard Spitaleri, Jr., Esq.
                                  richard.spitaleri@bingham.com
                                  399 Park Avenue
                                  New York, NY  10022-4689
                                  Tel:  (212) 705-7000
                                  Fax:  (212) 752-5378

Richard Spitaleri, Jr.
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, New York 10022
(212) 705-7000
Attorneys for Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation
and Dental Network of America

|  |  |  |
|---|---|---|
| HACKENSACK DENTAL ASSOCIATES, | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L-1035-11 |
| Plaintiff, | : | Civil Action |
| vs. | : | |
| BLUECROSS BLUESHIELD OF ILLINOIS, HEATH CARE SERVICES CORPORATION and DENTAL NETWORK OF AMERICA, | : | **CERTIFICATE OF SERVICE** |
| Defendants. | : | |

**RICHARD SPITALERI, JR.**, of full age, hereby certifies as follows:

      1.    I am an attorney at law admitted to practice before the state and federal courts of New Jersey and an associate of the firm Bingham McCutchen LLP, 399 Park Avenue, New York, New York 10022, attorneys for defendants BlueCross BlueShield of Illinois, Health Care Services Corporation and Dental Network of America.

      2.    On March 24, 2011, I sent, via federal express, the following documents to Robert Hille, Esq., counsel for plaintiff Hackensack Dental Associates, Kalison, McBride, Jackson & Hetzel, P.C., 25 Independence Boulevard, P.O. Box 4990, Warren, NJ 07059:  (a) Notice of Appearance, and (b) this Certificate of Service.

      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 24, 2011

_____
Richard Spitaleri, Jr.

# EXHIBIT C

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

DATE:    FEBRUARY 02, 2011
RS:      HACKENSACK DENTAL VS BLUECROSS BLUESHIELD
DOCKET:  BER L -001035 11

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK M. RUSSELLO

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 527-2600.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: ROBERT B. HILLS
                              KALISON MCBRIDE JACKSON & M
                              KALISON MCBRIDE JACKSON HETZEL
                              25 INDEPENDENCE BLVD   PO BOX 4990
                              WARREN          NJ 07059-2720

JUBGIN0

# EXHIBIT D

Richard Spitaleri, Jr., Esq.
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7537 (Telephone)
Attorneys for Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation
and Dental Network of America

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HACKENSACK DENTAL ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF ILLINOIS,<br>HEALTH CARE SERVICES CORPORATION<br>and DENTAL NETWORK OF AMERICA,<br><br>Defendants. | Civil Action No. _____<br><br><br>**DECLARATION OF TIMOTHY J.<br>CUSTER, D.D.S., M.B.A.**<br><br>Document Electronically Filed |

The undersigned, Timothy J. Custer, D.D.S., M.B.A., being duly sworn, hereby deposes and says:

1.      I am over 18 years of age and understand the meaning of an oath.

2.      This declaration is made in support of the notice of removal filed by Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation and Dental Network of America (collectively "Defendants").

3.      This declaration is made based upon my personal knowledge except where otherwise noted in which case my declaration is made upon information and belief and upon a review of the record.

4.      I make this declaration pursuant to 28 United States Code § 1746.

5.      I am the Dental Director for Dental Network of America.

A/74047488.1

6.      Dental Network of America is the third-party administrator for the dental plan offered to the employees of Kraft Foods, Inc.

7.      As is relevant to this litigation, Dental Network of America is responsible for reviewing the claims forms submitted by Hackensack Dental Associates seeking payment for dental services provided to Kraft Foods employees.

8.      Dental Network of America also reviews requests for pre-authorization submitted by Hackensack Dental Associates seeking advanced approval to perform dental services for Kraft Foods employees.

9.      It is Dental Network of America's responsibility to review these claims forms and requests for pre-authorization and determine whether payment will be made as requested by Hackensack Dental Associates.

10.     In my position of Dental Director, I had occasion to investigate certain claims forms and requests for pre-authorization submitted by Hackensack Dental Associates under the Kraft Foods dental plan.

11.     As a result, I am familiar with the claims forms and requests for pre-authorization submitted by Hackensack Dental Associates.

12.     I also understand from reading the complaint that one of the claims for damages asserted by Hackensack Dental Associates is for dental claims dating back to 2009 that Defendants allegedly have failed to pay.

13.     Based upon the information I have and the documents I have reviewed, Hackensack Dental Associates' claimed damages exceed $75,000, which includes the value of the dental services that Defendants allegedly failed to pay plus punitive damages, treble damages, costs of litigation and attorneys' fees as alleged in the claims asserted by Plaintiff.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed this 25th day of March, 2011 at Lombard, Illinois.

Timothy J. Custer, D.D.S., M.B.A

A/74047488.1

# EXHIBIT E

**BINGHAM**

Richard Spitaleri, Jr.
Direct Phone:  212.705.7537
Direct Fax:     212.593.8926
richard.spitaleri@bingham.com

March 25, 2011

**Via Federal Express**

Deputy Clerk
Superior Court of New Jersey
Justice Center
10 Main Street
Hackensack, NJ  07601-0769

Re:   *Hackensack Dental Associates v. BlueCross BlueShield of Illinois, et al.*
       **Docket No. BER-L-1035-11**

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter, please find a Notice of Filing of Notice of Removal and Certificate of Service.  Thank you for your courtesies and attention to this matter.  If you have any questions, do not hesitate to contact the undersigned.

Respectfully submitted,

Richard Spitaleri, Jr.

Enclosures

cc:    Hon. Mark M. Russello (via federal express)
        Robert B. Hille, Esq. (via federal express)

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74040588.1

Richard Spitaleri, Jr., Esq.
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7537 (Telephone)
Attorneys for Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation
and Dental Network of America

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HACKENSACK DENTAL ASSOCIATES,<br><br>       Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF ILLINOIS,<br>HEALTH CARE SERVICES CORPORATION<br>AND DENTAL NETWORK OF AMERICA,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW<br>DIVISION:  BERGEN COUNTY<br>DOCKET NO.  BER-L-1035-11<br><br>Civil Action<br><br><br>**NOTICE OF FILING OF**<br>**<u>NOTICE OF REMOVAL</u>** |

TO:      Deputy Clerk, Superior Court of New Jersey
             Justice Center
             10 Main Street
             Hackensack, NJ  07601-0769

      **PLEASE TAKE NOTICE** that Defendants BlueCross BlueShield of Illinois, Health

Care Services Corporation and Dental Network of America have filed the attached Notice of

Removal with the Clerk's Office of the United States District Court for the District of New

Jersey.

**[SIGNATURE BLOCK ON NEXT PAGE]**

A/74037456.1

Dated:  March 25, 2011

BINGHAM McCUTCHEN LLP
Attorneys for Defendants BlueCross BlueShield
of Illinois, Health Care Services Corporation and
Dental Network of America

By: _____
     Richard Spitaleri, Jr., Esq.
     richard.spitaleri@bingham.com
     399 Park Avenue
     New York, NY  10022-4689
     Tel:  (212) 705-7000
     Fax:  (212) 752-5378

2

Richard Spitaleri, Jr.
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, New York 10022
(212) 705-7000
Attorneys for Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation
and Dental Network of America

| | | |
|---|---|---|
| HACKENSACK DENTAL ASSOCIATES, | : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L-1035-11 |
| Plaintiff, | : : | Civil Action |
| vs. | : : | |
| BLUECROSS BLUESHIELD OF ILLINOIS, HEATH CARE SERVICES CORPORATION and DENTAL NETWORK OF AMERICA, | : : : : | **CERTIFICATE OF SERVICE** |
| Defendants. | : : | |

**RICHARD SPITALERI, JR.,** of full age, hereby certifies as follows:

1.      I am an attorney at law admitted to practice before the state and federal courts of New Jersey and an associate of the firm Bingham McCutchen LLP, 399 Park Avenue, New York, New York 10022, attorneys for defendants BlueCross BlueShield of Illinois, Health Care Services Corporation and Dental Network of America.

2.      On March 25, 2011, I sent, via federal express, the following documents to Robert Hille, Esq., counsel for plaintiff Hackensack Dental Associates, Kalison, McBride, Jackson & Hetzel, P.C., 25 Independence Boulevard, P.O. Box 4990, Warren, NJ 07059:  (a) Notice of Filing of Notice of Removal, and (b) this Certificate of Service.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 25, 2011

Richard Spitaleri, Jr.

A/74040639.1/3004469-0000354462