NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HACKENSACK DENTAL ASSOCIATES, | : |
| Plaintiff, | : Civil Case No. 11-1712 (FSH) |
| v. | : **OPINION & ORDER** |
| BLUECROSS BLUESHIELD OF ILLINOIS, HEALTH CARE SERVICES CORPORATION and DENTAL NETWORK OF AMERICA, | : Date: June 13, 2011 |
| Defendants. | : |

**HOCHBERG, District Judge**

This matter comes before the Court on Plaintiff's Motion to Remand the above-captioned action to the Law Division of the Superior Court of New Jersey for Bergen County. The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**

Plaintiff Hackensack Dental Associates ("HDA") is a professional dental practice providing dental services to patients in the state of New Jersey. Defendants Bluecross Blueshield of Illinois, Health Care Services Corporation and Dental Network of America are engaged in the business of providing utilization review, administrative, investigative and other related services for employee health plans. Defendants provide payment to HDA for dental services performed that are determined to be "Dentally Necessary," including dental treatment that follows generally

1

accepted dental practice, is required for sound dental health and is prescribed by a qualified dental professional.

In order to receive payment from Defendants for "Dentally Necessary" services, HDA must submit a Request for Pre-Authorization to Defendants which contains detailed clinical information.  Defendants review the Request for Pre-Authorization, and – if Defendants determine that the requested dental services are Dentally Necessary – Defendants issue a Pre-Authorization form which includes the pre-authorized services and a financial breakdown related to such services. HDA utilizes the Pre-Authorization in its decision to provide dental care to patients.

The Complaint alleges that beginning in 2009, Defendants stopped making payments on the vast majority of claims submitted by HDA, and "would make unreasonable requests for additional information to determine whether the treatment provided was Dentally Necessary."[1] The Complaint further alleges that Defendants stopped responding to HDA's Requests for Pre-Authorizations without any proffered justification for their failure to respond.  Plaintiff also claims that it lost patients to other providers as a result of Defendants' action.

This action was filed in the Law Division of the Superior Court of New Jersey for Bergen County on January 31, 2011.  HDA brings claims for common law fraud, tortious interference with contractual relations, tortious interference with prospective economic advantage, breach of contract, breach of the covenant of good faith and fair dealing, and violation of New Jersey's RICO statute.

---

[1] Cmplt. ¶ 42.

On March 25, 2011, Defendants removed the instant action to this Court. HDA now seeks to remand this action to the Law Division of the Superior Court of New Jersey for Bergen County .

## DISCUSSION

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

The removal jurisdiction of the federal courts is derived from statutory authorization. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

If an action was improperly removed due to lack of federal jurisdiction, then the matter may be remanded to state court pursuant to 28 U.S.C. § 1447.[2]

---

[2] Defendants assert that this Court may exercise diversity jurisdiction over the instant action. See 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of &75,000, exclusive of interest and costs, and is between - Citizens of different states"). Indeed, Plaintiff HDA is a citizen of New Jersey. See Cmplt. ¶ 1; Notice of Removal ¶ 1(a). Defendants BlueCross BlueShield of Illinois, Health Care Services Corporation and Dental Network of America are citizens of Illinois. See Cmplt. ¶ 2-4; Notice of Removal ¶ 1(b)-(d). The amount in controversy alleged by HDA exceeds $75,000. See Notice of Removal ¶ 5; Declaration of Timothy J. Custer, D.D.S., M.B.A. dated March 25, 2011.

Federal question jurisdiction is not at issue here, as none of HDA's claims arise under federal law.

"The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

I.   WAIVER OF THE RIGHT TO REMOVAL

HDA argues that Defendants Health Care Services Corporation and Dental Network of America waived their right to remove this action to federal court when they agreed to become licensed by the New Jersey Department of Banking and Insurance (the "NJDBI") to conduct business in the State of New Jersey. Under New Jersey law, all those licensed by the NJDBI must appoint an agent for service of process in the state.

"It is well settled that when a foreign corporation complies with the provisions of state law regulating the right of foreign corporations to do business in that State and appointed an agent for the service of process therein, it thereby consents to be sued in the courts of such State, both state and federal." Davila v. Hilton Hotels Int'l, Inc., 97 F. Supp. 32, 33 (D.P.R. 1951) (citing Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 443 (1945)); see also Randolph Laboratories v. Specialities Develop. Corp., 62 F. Supp. 897, 898-99 (D.N.J. 1945).[3]

However, "the mere grant of consent to be sued in the courts of a State by a foreign corporation as a condition on the right to do business therein, does not operate to deprive such

---

[3] HDA relies heavily on Param Petroleum Corp. v. Commerce and Industry Ins. Co., 686 A.2d 377 (App. Div. 1997). HDA asserts that Defendants waived their right to removal to federal court because the court stated that N.J.S.A. § 17:32-2.c required the consent of foreign insurance companies to New Jersey's jurisdiction. However, the court's holding does not go that far. Instead, the court held the forum selection clause in the insurance policy designating the state of New York as the only place where litigation could be commenced invalid because § 17:32-2.c required consent to New Jersey's jurisdiction. Here, there is no forum selection clause in the contract between HDA and Defendants designating another state as the only place where litigation could be commenced. Moreover, Defendants have consented to New Jersey's jurisdiction through compliance with the statutes but seek to rightfully and properly remove the matter to federal court in New Jersey.

4

corporation of its right to remove a cause brought against it in a court of that State to a federal court within that State." Davila, 97 F. Supp. at 34.

Indeed, "the right to removal conferred by 28 U.S.C. §§ 1441, 1446 is an absolute right that is not lost unless the defendant's intent to waive that right is 'clear and unequivocal.'" Cook v. Soft Sheen Carson, Inc., 2008 U.S. Dist. LEXIS 83145 (D.N.J. Oct. 15, 2008).

Here, Health Care Services Corporation and Dental Network of America have not waived their right to removal by consenting to the jurisdiction of New Jersey pursuant to N.J.S.A. § 17:32-2(c) and N.J.A.C. § 11:23-2.2(6)(xvii). Instead, these Defendants have merely consented to be sued in the state of New Jersey and provided a mechanism by which process can be served on them in New Jersey. Nothing in the relevant statute explicitly requires that foreign companies consent to be sued only in the courts of New Jersey. See e.g., Polito v. Molasky, 123 F.2d 258, 262 (8th Cir. 1941) (stating that "nothing contained in this certificate [appointing an agent for service of process] can be said to constitute a waiver of the right to remove a case from the state to the federal court, nor to estop the defendant from removing a cause of action against it from the state to the federal court on the ground of diversity of citizenship by timely and proper compliance with the removal statute"); Sugar Corp. of Puerto Rico v. Environeering, Inc., 520 F. Supp. 996, 999 (D.P.R. 1981) (holding that "a corporation, by qualifying to do business in a state and by consenting to be sued in the courts of that state, does not ... waive its right to a removal to the federal court").[4]

---

[4] HDA incorrectly relies upon case law in which the courts found remand appropriate where forum selection clauses in the parties' respective contracts waived the defendants' right to removal. Here, HDA cannot point to any such contractual language between HDA and Defendants.

Because Health Care Services Corporation and Dental Network of America have not waived their right to removal by complying with N.J.S.A. § 17:32-2(c) and N.J.A.C. § 11:23-2.2(6)(xvii), removal on the basis of the existing diversity jurisdiction was proper.[5]

II.     REVERSE-PREEMPTION PURSUANT TO THE MCCARRAN-FERGUSON ACT

HDA also argues that N.J.S.A. § 17:32(c) and N.J.A.C. § 11:23-2.2(6)(xvii) reverse-preempt 28 U.S.C. § 1332(a)(1) pursuant to the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), which provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance."

HDA claims that N.J.S.A. § 17:32(c) and N.J.A.C. § 11:23-2.2(6)(xvii) are intended to regulate the business of insurance and therefore preempt the federal diversity statute. HDA relies on In re Amwest Surety Insurance Company, 245 F. Supp. 2d 1038 (D. Neb. 2002) in which the court held that Nebraska's insurance regulation statutes reverse-preempted § 1332 because, inter alia, they provided that all actions for liquidating an insolvent insurer "shall be brought in the district court of Lancaster County." Id. at 1045.

---

[5] Even if this Court were to accept HDA's argument that Defendants Health Care Services Corporation and Dental Network of America had waived their right removal by registering with the NJDBI, this Court would still have jurisdiction over the instant action. HDA makes no claim that Defendant BlueCross BlueShield of Illinois registered with the NJDBI or waived its right to removal. Accordingly, even adopting HDA's arguments, this Court would have original jurisdiction over the case against BlueCross BlueShield of Illinois and would then be permitted to exercise supplemental jurisdiction over HDA's claims against Health Care Services Corporation and Dental Network of America pursuant to 28 U.S.C. § 1367. HDA does not contest that this is the case.

In re Amwest is inapposite. There, the court noted that Nebraska's statutes are part of a comprehensive statutory scheme with the purpose of regulating the business of insurance in order to "... consolidate all insolvency proceedings in one court only, and specifically vest the Lancaster County district court with that exclusive jurisdiction. Id.

By contrast, the New Jersey statutes upon which HDA relies do not require foreign companies to bring any legal action or proceeding in a specific court in New Jersey.

The relevant New Jersey statutes merely require foreign companies to consent to New Jersey's jurisdiction; they do not specify that state court is the only valid forum for a dispute with an insurance company. Because there is thus no conflict between § 1332 and N.J.S.A. § 17:32(c) or N.J.A.C. § 11:23-2.2(6)(xvii), the latter cannot be read to preempt the former. See CNA Casualty of Puerto Rico v. The Fidelity & Casualty Co. of New York, 790 F. Supp. 45, 48 (D.P.R. 1992) (finding that a Puerto Rican statute requiring "that foreign insurance companies designate an agent for service of process in Puerto Rico, appears intended only to require that the companies submit themselves to personal jurisdiction in Puerto Rico" and should not be read as "creating a situation in which Puerto Rico requires that foreign insurance companies waive their otherwise established right to access to federal court as a precondition of doing business in Puerto Rico.").

Additionally, this action – unlike In re Amwest – does not involve analysis of New Jersey's scheme of insurance regulations. In Grode v. Mutual Fire, Marine & Inland Ins. Co., 8 F.3d 953 (3d Cir. 1993), the Third Circuit held that the district court had no valid reason to abstain from hearing the case because "[s]imple contract and tort actions that happen to involve

an ... insurance company are not matters of important state regulatory concern or complex state interests." Id. at 959.

This action, like Grode, involves both contract and tort claims and does not implicate the "complex and highly regulated issues of insurance regulation." Id.

In light of the fact that the relevant state and federal statutes do not conflict and that this action involves contract and tort claims rather than complex issues of insurance regulation, §1332 is not reverse-preempted by N.J.S.A. § 17:32(c) and N.J.A.C. § 11:23-2.2(6)(xvii), and this Court's exercise of diversity jurisdiction over the instant action is appropriate.

## CONCLUSION

For the reasons set forth above,

**IT IS** on this 13th day of June, 2011,

**ORDERED** that Plaintiff's motion to remand this action is **DENIED**.

The Clerk of the Court is directed to terminate the motion: Docket No. 19.

                                              /s/ Faith S. Hochberg
                                              Hon. Faith S. Hochberg, U.S.D.J.